FILED
United States Court of Appeals
Tenth Circuit

January 6, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DALE E. MCCORMICK,

         Petitioner - Appellant,

v.

STEVEN SIX, Attorney General of
Kansas,

         Respondent - Appellee.

No. 08-3248

(D. Kansas)

(D.C. No. 5:08-CV-03058-SAC)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Dale E. McCormick was convicted of aggravated kidnapping, aggravated

burglary, aggravated intimidation of a witness, and four drug-related charges in

Kansas state court and sentenced to 213 months' imprisonment. He filed an

application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United

States District Court for the District of Kansas. The district court dismissed the

application because Mr. McCormick had not exhausted his state-court remedies

on some of the grounds for relief raised in the application. Mr. McCormick seeks

a certificate of appealability (COA) to appeal the dismissal. *See* 28 U.S.C.

§ 2253(c) (requiring COA to appeal dismissal of § 2254 application). Because a

reasonable jurist could not debate the correctness of the district court's decision, we deny a COA and dismiss the appeal.

Mr. McCormick's § 2254 application raised nine grounds for relief: (1) he was denied the right to a disinterested prosecutor; (2) the trial court erred in failing to suppress evidence seized in violation of the Fourth Amendment; (3) he was denied his Sixth Amendment right to counsel; (4) prosecutorial misconduct denied him the rights to due process and a fair trial; (5) the trial court denied his right to confront witnesses by refusing to allow him to use the victim's diary at trial; (6) the trial court's jury instruction on the bodily-harm element of the aggravated-kidnapping charge denied him the right to due process; (7) one of the prosecution's alternative theories on the aggravated-intimidation-of-a-witness charge was invalid; (8) he received ineffective assistance of appellate counsel; and (9) cumulative error rendered his convictions unconstitutional.

Respondent filed a motion to dismiss for failure to exhaust available state-court remedies, arguing that Mr. McCormick had properly exhausted only three of the nine grounds raised in his application. In his response to the motion, Mr. McCormick contended that all his claims had been exhausted. Alternatively, he contended that if the district court found any of his grounds for relief to be unexhausted, the exhaustion requirement should be excused because of (1) an inordinate delay by the State courts in adjudicating his direct appeal, (2) ineffective assistance of appointed appellate counsel, and (3) the failure of the

State courts to provide a "full and fair adjudication" of his constitutional claims. R. Doc. 27 at 14 (internal quotation marks omitted). These failings, he asserted, rendered the State process "ineffective to protect the rights of the applicant" and therefore came under the exception to the exhaustion requirement provided by 28 U.S.C. § 2254(b)(1)(B)(2). *Id.* (internal quotation marks omitted).

The district court rejected Mr. McCormick's arguments and determined that he had exhausted only three of his claims for relief: (1) denial of his Sixth Amendment right to counsel; (2) failure to suppress evidence seized in violation of the Fourth Amendment; and (3) prosecutorial misconduct violating his rights to due process and a fair trial. It then granted Mr. McCormick 20 days to take one of two actions: (1) to dismiss or withdraw his "mixed petition" voluntarily to enable him to exhaust state remedies on all his claims, or (2) to file an amended petition with only his exhausted claims. Because Mr. McCormick chose neither option, the district court dismissed his § 2254 application without prejudice and denied his application for a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

A habeas applicant ordinarily must exhaust the remedies available in state court before filing a § 2254 application in federal district court. *See* 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has held that a district court must dismiss a § 2254 application that contains both unexhausted and exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). This total-exhaustion rule, however, may be excused under § 2254(b)(1)(B)(i)-(ii) if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."

In his brief to this court, Mr. McCormick contends that the district court should have excused the exhaustion requirement under § 2254(b)(1)(B)(ii) because he proved that the State corrective process is ineffective to protect his

rights. He asserts that the Kansas state courts failed to afford him a "full and fair adjudication," Aplt. Br. at 7 (internal quotation marks omitted), of two of the claims that he presented on direct appeal: (1) the legality of the search warrant used to search his residence, and (2) the legality of the search of his backpack at the time of his arrest. These two claims, however, were admitted by respondent to have been exhausted. Mr. McCormick's brief does not provide any reasons why the exhaustion requirement should be excused for the six grounds for relief in his § 2254 application that were found not to have been exhausted, and we discern none. No jurist of reason could debate the correctness of the district court's decision.

Accordingly, we DENY a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge