**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAYNE A. BETHURUM,

        Petitioner - Appellant,

v.

ARI ZAVARAS, Executive Director
(CDOC); THE ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 08-1267

(D. Colorado)

(D.C. No. 1:08-CV-00740-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Wayne Bethurum is a Colorado state prisoner serving a sentence of six

years to life for sexual assault on a child. He filed a pro se application for a writ

of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for

the District of Colorado, asserting that his state sentence violates the Ex Post

Facto Clause of the United States Constitution because it was imposed under a

statute that became effective after he committed his offense. The court dismissed

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

his application without prejudice for failure to exhaust state-court remedies. *See Bethurum v. Zavaras*, No. 08-cv-00740, 2008 WL 2447722 (D. Colo. June 16, 2008). We appointed counsel to represent Mr. Bethurum and granted a certificate of appealability (COA), permitting him to appeal to this court. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal denial of habeas application). We affirm the district court.

## I.    BACKGROUND

In June 2001 Mr. Bethurum pleaded guilty to one count of sexual assault on a child occurring "on or between August 21, 1998 and April 7, 2000." Aplt. App. at 155 (internal quotation marks omitted). He was sentenced to a term of eight years to life. This sentence was imposed under the Lifetime Supervision of Sex Offenders Act (the LSSOA), *see* C.R.S § 18-1.3-1001, *et seq*, which went into effect on November 1, 1998, *see* C.R.S § 18-1.3-1012, after the earliest date encompassed by the charge against Mr. Bethurum. Mr. Bethurum did not appeal his sentence but initiated several proceedings for postconviction relief. The sole relief that he obtained was an order in 2003 reducing the minimum term of his sentence from eight years to six.

In April 2008 Mr. Bethurum filed his application for relief under § 2254. He claims that the maximum sentence authorized for his offense before November 1, 1998, the effective date of the LSSOA, was six years' imprisonment. Therefore, he contends, his present sentence of six years to life violates the Ex

Post Facto Clause because he committed his offense in August 1998. The district court dismissed the application for failure to exhaust state remedies, ruling that Mr. Bethurum had not fairly presented his Ex Post Facto Clause argument in the Colorado courts. *See Bethurum*, 2008 WL 2447722, at *4.

Before this court Mr. Bethurum argues that he exhausted his constitutional claim in state court or, in the alternative, that exhaustion would have been futile. We disagree and affirm the decision of the district court.

## II.    DISCUSSION

State prisoners generally may not raise a claim for federal habeas corpus relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a habeas applicant must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The claim must be presented to the state courts in such a manner that the court can be expected to address its merits. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (claim is not fairly presented to the state court if the "court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar

state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted). As the Supreme Court has explained:

> The exhaustion requirement . . . is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law[.] In addition, the requirement is based upon a pragmatic recognition that federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.

*Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation and internal quotation marks omitted).

If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). The applicant bears the burden of proving that he exhausted state court remedies, *see McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion was futile, *see Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). We review the district court's legal conclusions de novo and its fact findings for clear error. *See McCormick*, 572 F.3d at 848.

### A.    Was the Issue Fairly Presented?

Mr. Bethurum claims to have exhausted his state-court remedies in the course of three separate rounds of state postconviction proceedings. First, on

-4-

October 28, 2004, he filed a motion under Colorado Rule of Criminal Procedure 35(a) and (c). He was denied relief by the state district court, appealed unsuccessfully to the Colorado Court of Appeals, and then unsuccessfully petitioned for certiorari in the Colorado Supreme Court. We will refer to these proceedings as the First Round. Next, on June 8, 2006, he initiated his Second Round by filing a claim under both Colorado's habeas corpus statute (Colo. Rev. Stat. § 13-45-101) and a federal civil-rights statute (42 U.S.C. § 1983). Again, he was denied relief by the district court. He did not appeal to the state court of appeals but unsuccessfully sought a writ of certiorari from the Colorado Supreme Court. Finally, in August 2007 he initiated his Third Round by filing another postconviction motion under Colorado Rule of Criminal Procedure 35(a). The trial court denied that motion, and his appeal was rejected by the Colorado Court of Appeals as untimely. We discuss the three rounds in reverse order:

### 1. The Third Round

Mr. Bethurum raised an ex post facto claim in his district-court pleading in Round Three. As previously stated, however, he could exhaust the claim only by pursuing it through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In that regard, he failed. Although he filed a notice of appeal with the Colorado Court of Appeals after being denied relief in state district court, the notice was untimely and the appellate court refused to hear the case. An untimely appeal does not properly exhaust state

remedies because it does not permit the state court to address the merits of the claim. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (claim dismissed by state appellate court for untimely filing of notice of appeal cannot be brought in federal habeas absent showing of cause); *id.* at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

## 2. The Second Round

Mr. Bethurum also mentioned the Ex Post Facto Clause in Round Two. But that mention was only in his reply brief in support of his petition for certiorari filed in the Colorado Supreme Court. Raising the issue in the reply brief was too late. Colorado appellate practice is illustrated by *People v. Czemerynski*, 786 P.2d 1100 (Colo. 1990), in which the court refused to consider an argument on appeal that had not been raised until the reply brief. The court cited a leading treatise for the standard rule of appellate practice, stating: "Under these circumstances, the issue is not properly before us and we will not address it. 9 Wright and Miller, *Federal Practice and Procedure* § 3974 (1977) (Issues not raised in appellant's initial brief will normally not be considered by the court.)." *Id.* at 1107; *accord People v. Salinas*, 55 P.3d 268, 270 (Colo. Ct. App. 2002) (refusing to consider issue not raised until reply brief); *see Baldwin*, 541 U.S. at 31 (indicating that issue is not "'fairly present[ed]'" to state court if consideration

of issue "would force state appellate judges to alter their ordinary review practices");

### 3.     The First Round

Mr. Bethurum contends that in Round One he raised his ex post facto claim both in the Colorado Court of Appeals and the Colorado Supreme Court.  In the Colorado Court of Appeals, however, he mentioned the Ex Post Facto Clause only in his reply brief.  As explained in our discussion regarding Round Two, that was too late to present the issue fairly to the appellate court, *see Czemerynski*, 786 P.2d at 1107, and the court of appeals did not address the issue.

As for the Colorado Supreme Court, he contends that the issue was presented in two ways.  First, he argues that the supreme court acknowledged that it had reviewed the issue.  He notes that the issue was raised in his reply brief to the court of appeals and points to a statement in the supreme court's denial of his petition for certiorari that it had "review[ed] . . . the record, the briefs, and the opinion of [the] Court of Appeals."  Aplt. App. at 167.  But the only reasonable interpretation of the quoted language is that the court had reviewed those documents for the purpose of informing itself with respect to the issues raised in the petition for certiorari.  It would be remarkable if that court had taken upon itself the task of considering every issue that had been raised previously in that case in the courts below.  *See* Colo. App. R. 53(a)(1) (requiring a petition for

-7-

certiorari to include a list of issues presented for review, and stating that "[o]nly the issues set forth or fairly comprised therein will be considered").

Second, he argues that the issue was raised in his petition for certiorari by means of a cross-reference to the reply brief in his petition for certiorari in Round Two (which was being reviewed by the Colorado Supreme Court at the same time as it was reviewing his petition in Round One). His Round One petition states: "A direct and concise argument is available in the CAR. 21 habeas corpus and combined U.S.C. 42 § 1983 currently before this honorable court." Aplt. App. at 164. But an argument is not fairly presented if the court must "alter [its] ordinary review practices" to reach the issue, *Baldwin*, 541 U.S. at 31, and, as noted in the prior paragraph, the Colorado Appellate Rules state that the supreme court will review an issue on certiorari only if it is listed as an issue for review in the petition for certiorari, *see* Colo. App. R. 53(a)(1).

Thus, Mr. Bethurum failed to present properly his Ex Post Facto Clause claim in any of the three rounds of proceedings.

### B. Would Exhaustion Have Been Futile?

Mr. Bethurum argues that even if he failed to exhaust his state-court remedies, that failure should be excused because exhaustion would have been futile. His sole argument in this regard, however, appears to be that he presented the issue to the Colorado Supreme Court and that doing so again would be futile.

As discussed above, however, he never presented the issue properly to that court.[1]

## III.  CONCLUSION

We AFFIRM the district court's denial of Mr. Bethurum's application under 28 U.S.C. § 2254.  We GRANT Mr. Bethurum's motion to supplement the record filed on September 18, 2008.  We DENY Mr. Bethurum's motion for notice of state exhaustion completion; motion for sanctions against the Colorado Attorney General, Mathew Holman for deliberate abuse of process; motion for sanctions against Mathew S. Holman and Patricia Van Horn for violation of C.R.S. §§ 18-8-501(2)(a)(III), 18-8-502 regarding service of process upon

---

[1]It might in fact be futile for Mr. Bethurum to try to raise his ex post facto claim in state court now, because Colorado courts might find his claim to be untimely.  If state law forbids Mr. Bethurum from raising his ex post facto claim at this point, the claim is deemed exhausted but procedurally defaulted.  *See Coleman v. Thompson*, 501 U.S. 722, 732; ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Castille*, 489 U.S. at 351 ("[E]xhaustion may . . . exist, of course, if it is clear that [the applicant's] claims are now procedurally barred under [state] law."); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1370 (10th Cir. 1997) ("While petitioner has not exhausted his state remedies because his claim was not fairly presented to the Wyoming courts, petitioner's claim is exhausted in reality because it is clear that his claim is now procedurally barred under Wyoming law.").  To overcome that procedural default, he would need to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims [would] result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  Mr. Bethurum does not argue any ground for avoiding the procedural bar.

Wayne A. Bethurum of a document in an official proceeding; and motion to supplement record filed August 18, 2009.

Entered for the Court


Harris L Hartz
Circuit Judge
