FILED
United States Court of Appeals
Tenth Circuit

July 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND DEAN BROWN,

      Petitioner–Appellant,

v.

STATE OF WYOMING,

      Respondent–Appellee.

No. 10-8022
(D.C. No. 2:08-CV-00165-WFD)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Raymond Brown was convicted of unlawful clandestine laboratory operation and possession of a controlled substance in Wyoming state court on March 17, 2000, pursuant to a plea of nolo contendere. The state court imposed a sentence of three to five years' imprisonment, less 123 days for time served during pre-sentence confinement. Brown

---

      * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

completed his sentence and was released from state custody on August 14, 2003.[1] He is

currently serving a federal sentence for several firearms convictions. See United States v.

Brown, 212 Fed. App'x 747 (10th Cir. 2007) (unpublished).

On June 27, 2008, Brown filed a 28 U.S.C. § 2254 habeas petition attacking his

state convictions. The district court dismissed the petition as time-barred and denied his

request for a COA. After his motion to alter or amend the judgment under Fed. R. Civ. P.

59(e) was rejected, Brown timely appealed.[2]

Although the district court did not address the issue, the state argued in its motion

for summary judgment that Brown was no longer in custody pursuant to the state court

convictions he challenges. Brown agreed in his response that he was no longer in state

custody, but argues on appeal that the collateral consequences of the state convictions (a

heightened federal sentence) satisfy the in custody requirement. The Supreme Court has

squarely rejected this argument. See Maleng v. Cook, 490 U.S. 488, 492-93 (1989).

Accordingly, Brown was not "in custody" at the time he filed his § 2254 petition, and

---

[1] Although the record does not contain an order discharging Brown from state custody, the parties agree that Brown was so released.

[2] This court issued an order to show cause regarding the timeliness of Brown's notice of appeal. Although filed more than thirty days after the entry of the district court's judgment, Brown's notice of appeal is nonetheless timely because his rule 59(e) motion tolled the applicable deadline. See Fed. R. App. P. 4(a)(1)(A), (a)(4)(A)(iv). The Rule 59(e) motion was in turn timely because it was mailed within twenty-eight days of the district court's judgment. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(c)(1).

both this court and the district court lack jurisdiction to consider it. § 2254(a); see

McCormick v. Kline, 572 F.3d 841, 848, 853 (10th Cir. 2009).

Accordingly, we **VACATE** the district court's judgment and **DISMISS** for lack of

jurisdiction.  Brown's request for a COA is **DISMISSED** as moot.  See id. at 853.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge