**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK COSTELON,

     Petitioner - Appellant,

v.

STATE OF NEW MEXICO,

     Respondent - Appellee.

No. 17-2208
(D.C. No. 2:16-CV-01327-JCH-SCY)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Frank Costelon is a federal prisoner. The district court dismissed his pro se 28

U.S.C. § 2254 application for lack of jurisdiction and, alternatively, as time-barred

under the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A). He now seeks

a certificate of appealability ("COA") from this court to challenge the district court's

dismissal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in

a habeas corpus proceeding in which the detention complained of arises out of process

issued by a State court . . . ."). He also requests leave to proceed *in forma pauperis*

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.[1]

On July 16, 2003, Mr. Costelon pled guilty in New Mexico state court to possession with intent to distribute marijuana, and judgment was entered on July 28. He was sentenced to three years in prison followed by two years of parole. Mr. Costelon is no longer incarcerated or on parole for this state conviction. He is, however, currently imprisoned at the United States Penitentiary in Leavenworth, Kansas, based on a 2011 federal conviction and sentence.

Mr. Costelon's § 2254 application challenged his state conviction on various grounds. The district court did not address the merits and dismissed because Mr. Costelon failed to meet the jurisdictional prerequisite of being in state custody. The court also held the application was untimely. It denied a COA.

To receive a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But when a federal district court denies a § 2254 application on procedural grounds—as happened here—the COA standard requires an applicant to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). Because we may "dispose of the application in a fair and prompt

---

[1] Because Mr. Costelon is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

manner" by resolving whichever issue presents the "more apparent" answer, *id.* at 485, we begin and end our discussion with the district court's procedural ruling.

An application under § 2254 must be brought "in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254. Accordingly, "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." *McCormick v. Kline*, 572 F.3d 841, 847 (10th Cir. 2009) (quotation omitted). Mr. Costelon could not do so here because when he filed his § 2254 application, he had long since completed his state-imposed sentence and was no longer incarcerated or on parole for his state court conviction.

The Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Because "Section 2254's in-custody requirement is jurisdictional," *McCormick*. 582 F.3d at 848 (citing *Fleming v. Evans*, 481 F.3d 1249, 1252 n.1 (10th Cir.2007)), the district court properly dismissed his application.

In his brief to this court, Mr. Costelon states that he completed his state sentence and that his federal sentence was enhanced based on his state conviction. Aplt. Br. at 5. His contention that the district court's jurisdictional dismissal was wrong under *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), is misplaced. In *Lackawanna*, the Supreme Court considered "whether federal postconviction relief is available when a prisoner challenges *a current sentence* on the ground that it was

enhanced based on an allegedly unconstitutional prior conviction for which the prisoner is no longer in custody." *Id.* at 396 (emphasis added).

But Mr. Costelon is not challenging his current federal sentence; he is challenging his prior state conviction, for which he has completely served his sentence. He argues the district court "was able to construe" his § 2254 application "as a challenge to his 2011 Federal sentence as enhanced by the 2003 [state] conviction," and therefore erred in its dismissal. Aplt. Br. at 16. But that is not so. The district court could not and did not construe his § 2254 application as a challenge to his federal sentence. Such a challenge would need to have been brought under 28 U.S.C. § 2255 (providing for a motion to "vacate, set aside or correct the [federal] sentence"), not § 2254.

Reasonable jurists would not debate the district court's jurisdictional ruling, so we deny Mr. Costelon's request for a COA and dismiss this matter. We also deny Mr. Costelon's request to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4