**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 7, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ROBERTO RINCON,

     Petitioner - Appellant,

v.

DAN SCHNURR, Warden, Hutchinson
Correctional Facility,

     Respondent - Appellee.

No. 21-3182
(D.C. No. 5:20-CV-03165-EFM)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Roberto Rincon, a Kansas prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2254

habeas application.  *Rincon v. Schnurr*, No. 20-cv-03165, 2021 WL 4243125 (D. Kan.

Sept. 17, 2021).  We deny a COA and dismiss this matter.

**I.  BACKGROUND**

A Kansas state court issued a protection order against Mr. Rincon that required

him to turn over all firearms to police.  When he failed to do so, a Detective applied for a

search warrant for Mr. Rincon's residence and vehicle to recover firearms the Detective

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

believed Mr. Rincon possessed in violation of 18 U.S.C. § 922(g)(8). The state court issued the warrant and county police officers executed it. The search yielded several loaded firearms, hundreds of rounds of ammunition, and a methamphetamine laboratory.

Mr. Rincon was charged with several drug-related crimes under Kansas law. He filed two pre-trial motions to suppress. The first alleged that the supporting affidavit for the warrant relied on stale information and failed to establish probable cause. The second argued that the affidavit contained material misstatements of fact. The state district court denied both motions. After a bench trial, the court found Mr. Rincon guilty and sentenced him to 156 months in prison.

On direct appeal, Mr. Rincon claimed the trial court erred by denying his motions to suppress. The Kansas Court of Appeals (KCOA) affirmed, and the Kansas Supreme Court denied review. Proceeding pro se, Mr. Rincon then filed for post-conviction relief under Kan. Stat. Ann. § 60-1507, claiming trial counsel was ineffective for failing to seek suppression on the ground that the warrant was based only on a violation of federal law and required the involvement of federal law enforcement officers. The state district court appointed counsel to represent Mr. Rincon and, after a hearing, denied his motion. The KCOA affirmed, and the Kansas Supreme Court denied review.

Proceeding pro se, Mr. Rincon next filed his § 2254 habeas application in federal district court alleging that the warrant that led to the discovery of incriminating evidence was unlawful because it was based on a violation of federal law and no federal law enforcement officers were present at its execution. In his reply brief, he also claimed counsel was ineffective for failing to raise the first claim in a motion to suppress. The

district court declined to address the merits of either claim. It held that the first was procedurally defaulted because Mr. Rincon failed to raise it in state court, and that he had not shown cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. The court held that the second claim was waived because Mr. Rincon raised it for the first time in his reply brief. The court thus denied his § 2254 application.

## II.  DISCUSSION

Mr. Rincon must obtain a COA to appeal from the denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and establish "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a claim has been dismissed on procedural grounds, such as the failure to exhaust state court remedies, Mr. Rincon must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

### A.  Failure to Exhaust Search Warrant Claim

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A state prisoner must show he has exhausted his available state remedies. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state's highest court — either by direct review or in a postconviction attack — before asserting them in federal court. *See*

3

*Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009). A claim is exhausted only if the prisoner presented "the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Where a prisoner has not exhausted the claim in state court, it is procedurally defaulted for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 732 & 735 n.1 (1991).

A federal court may consider procedurally defaulted claims if the prisoner shows cause for the default and prejudice from a violation of federal law, *id.* at 750, or that denying review would result in "a fundamental miscarriage of justice," *id.*, because he has made a "credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To satisfy the cause standard, the petitioner must show that some external factor prevented him from raising his claim. *Coleman*, 501 U.S. at 753. Counsel's ineffectiveness in failing to preserve a claim for review in state court may be the basis for overcoming a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

The district court held that Mr. Rincon failed to exhaust his first claim because, although he challenged the warrant in state court, he did so on different grounds than in his § 2254 application. Mr. Rincon challenged the warrant in state court based on allegations of stale information, insufficient information to establish probable cause, and misstatements of material fact, while his § 2254 application claimed that state police lacked authority to execute a warrant that alleged violations of federal law. The district court recognized that Mr. Rincon argued in the state habeas proceedings that trial counsel was ineffective for not seeking suppression based on the lack of federal involvement in the warrant's execution. But the court explained that the ineffective-assistance claim was

4

rooted in the Sixth Amendment, not the Fourth Amendment, and Mr. Rincon did not challenge the constitutionality of the warrant based on the lack of federal involvement "as a freestanding claim" in state court. *Rincon*, 2021 WL 4243125, at *3.

Although Mr. Rincon argues that the district court relied on a technicality and failed to construe his state court pleadings liberally, we disagree. Liberal construction cannot overcome compliance with basic procedural rules and substantive law. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Although constitutionally ineffective assistance of counsel can constitute cause for failing to raise an unexhausted claim in state court, the district court recognized that the KCOA rejected Mr. Rincon's ineffective-assistance claim for lack of prejudice, *Rincon v. State*, No. 119,391, 2019 WL 1412590, at *7 (Kan. Ct. App. Mar. 29, 2019), and its determination was not an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). Finally, the district court concluded that Mr. Rincon could not show factual innocence to demonstrate a fundamental miscarriage of justice should his claim not be heard. No reasonable jurist could debate the correctness of the federal district court's rulings concerning the failure to exhaust, procedural bar, and the absence of grounds to excuse it.

## B. Waiver of Ineffective Assistance of Counsel Claim

The district court declined to consider the merits of Mr. Rincon's ineffective assistance of counsel claim, concluding he waived it by raising it for the first time in his reply brief. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Mr. Rincon argues that the district court held his pro se pleadings to too high a standard, but this basic

rule applies to all, *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012), and the district court's determination is not reasonably debatable.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge