**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEROME CARTER,

               Petitioner - Appellant,

v.

ROGER WERHOLTZ; PAUL
MORRISON, Attorney General of the
State of Kansas,

               Respondents - Appellees.

No. 11-3036
(D.C. No. 5:07-CV-03317-SAC)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Jerome G. Carter, a Kansas state prisoner proceeding pro se,

seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C.

§ 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

COA to appeal denial of application). We deny his request for a COA and

dismiss the appeal.

**I.    BACKGROUND**

In 1998 two men attempted to rob Troy J. Hawkins, Carvelle Horn, and

Carlos Johnson in Hawkins and Horn's home. *See State v. Carter*, 14 P.3d 1138,

1140 (Kan. 2000) ("*Carter I*"); *State v. Carter*, 91 P.3d 1162, 1164 (Kan. 2004)

("*Carter II*"). During the robbery Hawkins was fatally shot. A complaint/

information (the Information) charged Defendant with (1) first-degree premeditated murder, (2) first-degree felony murder, (3) aggravated robbery, and (4) criminal possession of a firearm.

The Kansas Supreme Court reversed Defendant's convictions from his first trial, holding that his counsel had provided ineffective assistance by admitting involvement in the robbery despite Defendant's objections. *See Carter I*, 14 P.3d at 1148. After a second trial a jury convicted Defendant of first-degree felony murder, aggravated robbery, and criminal possession of a firearm. *See Carter II*, 91 P.3d at 1164. Although Horn, a witness at both trials, had previously identified Defendant as the armed intruder at a preliminary hearing and at the first trial, he testified at the second trial that he could not identify Defendant and that he did not remember doing so at the previous proceedings. *See id.* at 1165. Over Defendant's objection the court permitted the prosecutor to introduce Horn's prior identification testimony. *See id.* In June 2004 the Kansas Supreme Court affirmed Defendant's convictions and sentence. *See id.* at 1166–68.

In June 2005 Defendant filed a motion for postconviction relief in state court. *See* Kan. Stat. Ann. § 60-1507 (2003). The trial court summarily denied the motion, and the Kansas Court of Appeals affirmed. *See Carter v. State*, No. 96,304, 2007 WL 2080431 (Kan. Ct. App. July 20, 2007) ("*Carter III*").

Defendant then filed his § 2254 application in the United States District Court for the District of Kansas. As we read the application, he raised five

claims: (1) that the trial court improperly admitted Horn's prior testimony, (2) that the prosecutor misstated the law on reasonable doubt during closing argument, (3) that the Information failed to charge the crime of aggravated robbery because it did not allege the required *mens rea*, (4) that the trial court constructively amended the Information by instructing the jury on the requisite *mens rea* for aggravated robbery, and (5) that both his trial and appellate counsel had provided ineffective assistance. The district court denied on the merits both the challenge to Horn's testimony and the prosecutorial-misconduct claim, and held that Defendant had procedurally defaulted on the claims relating to the *mens rea* for robbery. The court also held that his claim of ineffective assistance of appellate counsel failed because of his procedural default and the lack of merit of his underlying claims. (It apparently, and understandably, did not discern a claim of ineffective trial counsel in the application.) It denied a COA on any claim. Defendant now seeks a COA from this court on all claims.[1]

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

---

[1]On May 11, 2011, Defendant filed a motion to withdraw his brief in this court to correct typographical errors. We granted his motion, allowing him until June 1 to file a corrected brief. But he did not file a corrected brief until July 11. Because that brief is untimely, we consider only his original brief.

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

-4-

Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. For those parts of Defendant's claims that were adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## A. Prior Identification Testimony

Defendant challenges the admission of Horn's prior identification testimony. Like the district court, we understand him to be arguing that the admission of the prior testimony violated the Sixth Amendment's Confrontation Clause. The Supreme Court has held that the Clause prohibits the admission of testimonial hearsay unless the declarant is unavailable and there was prior

opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). But "when the declarant appears for cross-examination at trial, the Confrontation Clause places *no constraints at all* on the use of his prior testimonial statements." *Id.* at 60 n.9 (emphasis added). Defendant has cited no Supreme Court authority suggesting that this general rule does not apply, as he asserts, when the prior testimonial statements were made at a trial later held to have violated the defendant's rights. The Kansas Supreme Court ruled that "*Crawford* was [not] implicated" because Horn was available for cross-examination at the second trial. *Carter II,* 91 P.3d at 1167. No reasonable jurist could conclude that this was an unreasonable application of federal law.

## B.  Alleged Prosecutorial Misconduct

Defendant contends that his due process right to a fair trial was violated when the prosecutor intentionally misstated the reasonable-doubt standard in his closing argument. The prosecutor's precise words were:

> You know, I think it's instructive to look at what the jury instruction on doubt actually says and compare it, first of all, to what the defense attorney said. If you have no reasonable doubt as to the truth of any of the claims required to be proved, you should find the defendant guilty. *It doesn't say we have to prove it beyond a reasonable doubt.* That's nowhere in the law. Just have to show that you have no reasonable doubt.

R., Vol. 2, Transcript of Jury Proceedings (*State v. Carter*, No. 98-CR-522, (Sedgwick Cnty. Kan. Dist. Ct. Oct. 24, 2001), Vol. Seventeen at 56 (emphasis

added). This statement is certainly confusing. But the trial judge had instructed the jury correctly, saying:

> The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty.

*Id.* at 12.

The issue is whether the prosecutor's statement requires setting aside Defendant's conviction. "In determining whether a petitioner is entitled to federal habeas relief for prosecutorial misconduct, it must be determined whether there was a violation of the criminal defendant's federal constitutional rights which so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994).

Under AEDPA we do not write on a clean slate. The same issue was presented to the Kansas Court of Appeals. Although it acknowledged that the prosecutor's comments could have misled or confused the jury, it held that "in view of the weight of the evidence and the rulings adverse to Carter in previous appeals regarding sufficiency of the evidence, it is unlikely the prosecutor's statements had any effect on the jury." *Carter III*, 2007 WL 2080431, at *4. Defendant has not shown that this ruling was an unreasonable application of federal law.

-7-

**C. Claims Related to *Mens Rea* Requirement**

We next address Defendant's two claims relating to the *mens rea* element of the aggravated-robbery offense for which he was convicted. He contends that the Information failed to allege aggravated robbery's *mens rea* element, in violation of clearly established Supreme Court precedent and Kansas law. *But see Sallahdin v. Gibson*, 275 F.3d 1211, 1227 (10th Cir. 2002) ("A challenge to the adequacy of the Information under [state] law . . . is a question of state law, which this court has no power to address [under § 2254]."). And he contends that the trial court constructively amended the Information by instructing the jury on the requisite intent for the crime. The district court held that review of these claims was barred by procedural default because Defendant (1) failed to present these claims on direct appeal in the state court and (2) had not shown that appellate counsel had been ineffective for failing to present these claims. In our view, no reasonable jurist could disagree that these claims have been procedurally defaulted.

A claim is procedurally defaulted if (1) the applicant failed to exhaust state remedies on the claim and (2) an attempt to raise the claim in state court at this time would be procedurally barred. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). To exhaust a claim the applicant must "properly present[] [it] to the highest state court, either by direct review of the conviction or in a

postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

Defendant's sole argument that he exhausted these claims in state court is that he attempted to raise them in a pro se motion to file a supplemental brief in the Kansas Court of Appeals. But the motion was not a proper method of presenting these claims on appeal. Defendant's purported authority for the motion was Kansas Supreme Court Rule 6.09(b). That rule, however, permits only the submission of supplemental authority in support of an argument already presented, not an argument on a new issue. *See State v. Greever*, 183 P.3d 788, 794 (Kan. 2008) ("A new issue raised in a letter submitted pursuant to Supreme Court Rule 6.09 is generally not preserved for review before an appellate court."). Accordingly, the Kansas Court of Appeals rejected Defendant's motion, and the issues raised in it were not exhausted.

These unexhausted claims are procedurally defaulted because Defendant could not now raise them in state court. Defendant has already pursued relief under Kan. Stat. Ann. § 60-1507. And under Kan. Stat. Ann. § 60-1507(c), "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." *See State v. Kelly*, 248 P.3d 1282, 1285 (Kan. 2011) ("Absent a showing of exceptional circumstances, the court can dismiss a second or successive motion as an abuse of remedy."); *State v. Mitchell*, 162 P.3d 18, 21–22 (Kan. 2007) (refusing to consider claims not raised

in previous § 60-1507 motion absent showing of exceptional circumstances).

Kansas courts have defined *exceptional circumstances* as "unusual events or

intervening changes in the law which prevent a movant from reasonably being

able to raise all of the trial errors in the first post-conviction proceeding." *Kelly*,

248 P.3d at 1285–86 (internal quotation marks omitted).

Defendant's brief in this court suggests only one ground for avoiding this

procedural bar—ineffective assistance of counsel. A showing of ineffective

assistance could assist Defendant in two ways. First, under Kansas law a

defendant may be able to bring a second or successive § 60-1507 motion under

the exceptional-circumstances doctrine by showing that the reason for not raising

the issue sooner was ineffective assistance of counsel. *See Bledsoe v. State*, 150

P.3d 868, 877 (Kan. 2007). In that event, Defendant's claims would not be

procedurally barred and hence not procedurally defaulted for purposes of § 2254.

Second, even if Defendant's claim has been procedurally defaulted, he may

pursue the claim under § 2254 if he "can demonstrate cause for the default and

actual prejudice as a result of the alleged violation of federal law," *see Coleman

v. Thompson*, 501 U.S. 722, 750 (1991); and ineffective assistance can be such a

cause, *see id.* at 753–54; *Hammon v. Ward*, 466 F.3d 919, 926 (10th Cir. 2006).

But we will not consider ineffective assistance of counsel as a ground for

avoiding a procedural default unless the defendant has raised that ground in state

court. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000) ("[I]neffective

-10-

assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim . . . [and] . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (internal quotation marks omitted)).  Here, Defendant never raised in state court a claim that his counsel was ineffective for failing to challenge the adequacy of the Information or the alleged constructive amendment of the Information.  The closest he came was in his § 60-1507 motion, which asserted (1) that "[t]here was a 'Fatal Variance' between the Information/Complaint and the evidence presented at the trial which caused the state it[s] failure to prove the crime of robbery," R., Vol. 2, Civil Vol. I at 8, and (2) that his failure to raise the claim earlier was the result of ineffective assistance of counsel, *see id.* at 10.  We cannot, however, read this claim (which was never explained further in the state-court pleadings) to encompass his present ineffectiveness claims.  Indeed, the Kansas Court of Appeals interpreted the claim as alleging only "that the State did not prove that a taking or an attempted taking occurred." *Carter III*, 2007 WL 2080431, at *5.  In sum, Defendant procedurally defaulted his claims of (1) failure to allege *mens rea* in the Information and (2) constructive amendment of the Information; and Defendant has not preserved a claim that there was cause for his procedural default.

### D.    Ineffective Assistance of Counsel

Defendant contends that he was denied effective assistance of counsel because his trial counsel and his counsel on direct appeal from his conviction failed to challenge (1) the failure of the Information to allege aggravated robbery's *mens rea* element and (2) the trial court's constructive amendment of the Information by instructing the jury on the requisite intent for the crime. He also contends that his appellate counsel was ineffective in failing to raise his claim of prosecutorial misconduct. We have just established, however, that Defendant failed to exhaust his first two ineffectiveness claims in state court and that he would be procedurally barred from now pursuing those claims in state court. Those ineffectiveness claims are procedurally defaulted. Moreover, Defendant has not suggested any cause that could excuse that default. And we note that ineffective assistance of postconviction counsel (who might have raised these ineffectiveness claims in Defendant's § 60-1507 proceedings) would not be a cause that could excuse the default. There is no constitutional right to postconviction counsel; so even if his attorney in his proceedings under § 60-1507 should have raised these ineffectiveness claims, that failure is not a ground for relief under § 2254. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 n.4 (10th Cir. 1999). Accordingly, we need not address the merits of the first two ineffectiveness claims.

Finally, we can summarily dispose of Defendant's remaining ineffectiveness claim—that his appellate counsel did not challenge the

prosecutor's misstatement of the burden of persuasion in his closing argument.

To establish a claim of ineffective assistance, Defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Defendant cannot establish the prejudice prong. Although counsel may have erred in failing to present prosecutorial misconduct as an issue on direct appeal, no harm to Defendant resulted. The issue was presented to the Kansas Court of Appeals in Defendant's appeal of his denial of relief under § 60-1507, and the court considered it on the merits. Defendant has presented no reason, and we perceive none, why an earlier presentation of the claim would have led to a better result for him. No reasonable jurist could debate the district court's ruling that this claim be dismissed.

## III.  CONCLUSION

We DENY Defendant's application for a COA and dismiss the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-13-