FILED
United States Court of Appeals
Tenth Circuit

March 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DALE E. MCCORMICK,

       Petitioner-Appellant,

v.

DEREK SCHMIDT,[*]

       Respondent-Appellee.

No. 11-3306
(D.C. No. 5:10-CV-03168-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **KELLY, TYMKOVICH,** and **GORSUCH,** Circuit Judges.

---

Dale McCormick filed a federal habeas petition pursuant to 28 U.S.C.

§ 2254, seeking relief from his Kansas state convictions for aggravated kidnaping,

burglary, witness intimidation, and drug charges. The district court determined,

however, that Mr. McCormick had exhausted in state court only some, but not all,

of his habeas claims. After Mr. McCormick declined the opportunity to dismiss

his unexhausted claims and proceed with the remaining ones, the district court

---

[*] Derek Schmidt is substituted for Stephen Six as the current Attorney
General for the State of Kansas pursuant to Fed. R. App. P. 43(c)(2).

[**] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed the petition without prejudice.  Mr. McCormick now asks for a certificate of appealability (COA) to allow him to contest this decision.

We may grant a COA only if Mr. McCormick makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).  Because Mr. McCormick proceeds in this court *pro se*, we review his pleadings with special solicitude.

But even under this forgiving standard we cannot grant a COA.  We may not grant relief on a habeas petition containing both exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Instead, we must either reject the entire petition on the merits or dismiss the petition without prejudice for lack of exhaustion.  *Brown v. Shanks*, 185 F.3d 1122, 1125 (10th Cir. 1999).  Because at least some of the claims presented by Mr. McCormick's petition are clearly unexhausted, the district court was right to dismiss his petition as it did.[1]

Two examples illustrate the point.  First, and by his own admission, Mr. McCormick failed to raise some parts of his prosecutorial misconduct claim to the

---

[1] We grant Mr. McCormick's motion to supplement the record to include his state court briefs, and we have considered those filings in resolving this appeal.

Kansas Supreme Court. *See* Appellant Br. at 17. Likewise, the district court has twice explained why certain aspects of Mr. McCormick's Fourth Amendment challenge have not been exhausted, and this court has already affirmed that disposition once before. *See* 9/30/2011 Dist. Ct. Order at 16; *McCormick v. Six*, No. 08-3058-SAC, 2008 WL 2282643 at *1 (D. Kan. May 30, 2008); *McCormick v. Six*, 306 F. App'x 424 (10th Cir. 2009). Nothing has changed in the interim and so our ruling could be no different now.

In response to this observation, Mr. McCormick invokes the doctrine of anticipatory procedural bar in an effort to excuse his failure to exhaust. But he cites no Kansas rule or authority indicating that he would be unable to raise his unexhausted claims in a post-conviction petition in state court. And in these circumstances we cannot conclude that "it is beyond dispute that, were [Mr. McCormick] to attempt to now present the claim[s] to the . . . state courts . . . [they] would be deemed procedurally barred." *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007).

Having said that, we pause to emphasize that we are not saying *all* of Mr. McCormick's claims are necessarily unexhausted. For example, Mr. McCormick alleges that the jury was improperly instructed on the elements of aggravated kidnaping. The district court concluded this issue was unexhausted because, though presented to the Kansas Court of Appeals, Mr. McCormick's lawyer didn't include it in the petition for review to the Kansas Supreme Court. Mr.

McCormick, however, tried to present the issue in a *pro se* supplement to this petition, only to have his efforts rebuffed when the Kansas Supreme Court denied him leave to file the *pro se* brief. Whether a *pro se* supplemental petition presented to — and rejected by — a state court is sufficient to exhaust a claim is not entirely settled. Some courts have suggested that petitions like this are sufficient to give the state court fair notice of the federal claims, and that the problem (if any) arising from the state court's refusal to consider the brief is one of procedural bar. *See, e.g.*, *Clemmons v. Delo*, 124 F.3d 944, 948-49 & n.3 (8th Cir. 1997). At the same time, some unpublished cases suggest that *pro se* supplemental briefs may not sufficiently exhaust the claim. *See Livingston v. Kansas*, 407 F. App'x 267, 272 (10th Cir. 2010); *Carter v. Werholtz*, 430 F. App'x 702, 707 (10th Cir. 2011). Whatever the correct disposition may be of this issue, we need not and do not say today. For our purposes, it is enough to say that the district court was correct in refusing to entertain Mr. McCormick's petition because it contains at least *some* unexhausted claims.

Because Mr. McCormick's petition contains at least some unexhausted claims, we affirm the district court's dismissal without prejudice. In light of this decision, we have no need to consider the district court's alternative holding that it should abstain from deciding the merits of the petition pending disposition of Mr. McCormick's state post-conviction petition. We also dismiss as moot Mr. McCormick's requests to be released on bail pending the resolution of his petition

- 4 -

on remand and his motion to transfer the case to a different district judge on remand. Mr. McCormick's motion to proceed *in forma pauperis* is granted.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge