FILED
United States Court of Appeals
Tenth Circuit

February 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL,

     Petitioner - Appellant,

v.

RANDY LYNN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 15-1344
(D.C. No. 1:14-CV-02926-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Colorado state prisoner Dean Carbajal seeks a certificate of

appealability (COA) to appeal the district court's decision dismissing his petition for

a writ of habeas corpus filed under 28 U.S.C. § 2254.[1] For the reasons discussed

_____

[*] After examining the opening brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Carbajal appears pro se, we liberally construe his filings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *Id*.

below, we deny his request for a COA and dismiss this matter.

A Denver County jury convicted Carbajal of 17 criminal counts, and the court sentenced him to 188 years imprisonment. This sentence included a habitual criminal enhancement stemming from two previous convictions in Montrose County. He filed two state habeas corpus proceedings, one challenging the Denver County convictions on jurisdictional grounds and one challenging the Montrose County convictions on similar grounds. The respective state district courts denied both petitions, and the Colorado Supreme Court summarily affirmed both denials. He also directly appealed the Denver County convictions to the Colorado Court of Appeals.

While his direct appeal remained pending, Carbajal filed a federal habeas corpus petition.[2] In his federal petition, Carbajal argued his Denver and Montrose County convictions violated his due process rights because the respective state district courts lacked subject matter jurisdiction over the matters. The district court dismissed the petition for failure to exhaust his state-court remedies because though Carbajal's claims were presented in the state habeas proceedings, his direct appeal of the Denver County convictions remained pending.

Carbajal now seeks to appeal the district court's dismissal, but he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if Carbajal "has

---

[2] Carbajal filed his federal habeas corpus petition on October 28, 2014, and later amended the petition on March 19, 2015, to add a jurisdictional challenge to the Montrose County convictions. Because the district court entered and considered the amended petition, our discussion is limited to the March 19, 2015, amended petition.

made a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). Because the district court dismissed his habeas petition on procedural grounds, to make this showing Carbajal must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Turning first to Carbajal's challenge of the Denver County convictions, it appears Carbajal pursued a similar jurisdictional challenge via a state habeas corpus proceeding. Carbajal argues this exhausted his Denver County claim because he presented it to both the Denver District Court and the Colorado Supreme Court. But no reasonable jurist could debate the district court's conclusion that it would be premature to address Carbajal's jurisdictional challenge to his Denver County convictions while his direct appeal remains pending. *See* 28 U.S.C. § 2254(b)(1)(A), (c) (requiring prisoner to exhaust all state-court remedies before bringing federal habeas petition; prisoner fails to do so "if he has the right under the law of the State to raise, by any available procedure, the question presented"); *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (unpublished) (explaining that even though one claim was exhausted by virtue of preliminary pretrial proceedings, "a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court"). We thus

3

deny him a COA on this claim.[3]

Carbajal's jurisdictional challenge to his Montrose County convictions suffers an even more basic problem. As the district court noted, Carbajal is no longer in custody for his Montrose County convictions. *See McCormick v. Kline*, 572 F.3d 841, 847 (10th Cir. 2009) (requiring threshold showing that petitioner is "in custody pursuant to the judgment of a State court" (quoting *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001)). Although the district court found Carbajal had met the in-custody requirement, it did so only by construing Carbajal's Montrose County claim as one challenging the use of the Montrose County convictions to enhance the Denver County sentence rather than one directly attacking his Montrose County convictions. *See McCormick*, 572 F.3d at 850-51 (explaining that a habeas petitioner who is no longer in custody for a prior conviction may satisfy in-custody requirement if putative challenge to prior conviction can be interpreted as challenging current custodial sentence on ground that prior invalid conviction enhanced current sentence). Nevertheless, the district court dismissed this action, concluding that even if Carbajal exhausted a direct challenge to his Montrose County convictions, he hadn't exhausted any challenge to his enhanced sentence for the Denver County convictions.

In this appeal, Carbajal asserts the district court mischaracterized his Montrose

---

[3] Carbajal also asserts that we should excuse any failure to exhaust in light of the State's delay in handling his direct appeal. But there is no support in the record for his assertion that he raised this argument in the district court. We decline to consider arguments presented for the first time in his application for a COA. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

4

County claim as one challenging the use of the Montrose County convictions to enhance his Denver County sentence. He argues his challenge to the Montrose County convictions is the same one he raised in his state habeas petition challenging those convictions—a direct challenge to the Montrose County convictions as being void for lack of jurisdiction.

Taking Carbajal at his word, no reasonable jurist could debate that his federal habeas petition as to this claim should have been dismissed. Carbajal's insistence that he is directly challenging his Montrose County convictions is fatal to his federal habeas claim because he is no longer in custody for those convictions. *See Lackawanna*, 532 U.S. at 401 (explaining that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" (quoting 28 U.S.C. § 2254(a))).[4] We thus deny him a COA on this claim as well.

For the reasons discussed above, we deny a COA on all Carbajal's claims and dismiss the matter. We also deny his motion to proceed in forma pauperis and remind

---

[4] And even if we were to adopt the district court's view of Carbajal's Montrose County claim, no reasonable jurist could debate the district court's conclusion that his federal habeas petition should have been dismissed because he hasn't exhausted any challenge to his enhanced sentence for the Denver County convictions in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court remedies).

him of his immediate obligation to pay the filing fee in full.

Entered for the Court


Nancy L. Moritz
Circuit Judge