FILED
United States Court of Appeals
Tenth Circuit

April 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON TYROME TODD,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director of
D.O.C.; CYNTHIA COFFMAN, the
Attorney General of the State of Colorado,

     Respondents - Appellees.

No. 17-1079
(D.C. No. 1:16-CV-02363-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

     Byron Todd, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the denial of his 28 U.S.C. § 2254 motion. We

deny a COA and dismiss the appeal.

**I**

     On September 2, 2016, Todd was sentenced in Colorado state court, following

his conviction for failing to register as a sex offender. On October 11, 2016, he filed

a direct appeal to the Colorado Court of Appeals. While his direct appeal remained

pending, Todd filed the present federal habeas petition challenging his conviction.

_____

    [*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed the petition without prejudice as premature.  Todd now seeks a COA from this court to appeal that decision.

We may issue a COA only if Todd can show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because Todd's direct appeal remains pending, no reasonable juror could debate the district court's conclusion.  See Carbajal v. Lynn, 640 F. App'x 811, 813 (10th Cir. 2016) (unpublished) ("[I]t would be premature to address Carbajal's . . . challenge to his Denver County convictions while his direct appeal remains pending."); Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . .").

## II

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Todd's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

2