FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS HODSON,

          Petitioner - Appellant,

v.

COLORADO MENTAL HEALTH
INSTITUTE AT PUEBLO; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents - Appellees.

No. 15-1182
(D.C. No. 1:14-CV-02879-LTB)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

This matter is before the court on Travis Hodson's pro se request for a
certificate of appealability ("COA"). This appeal had its genesis in a 28 U.S.C.
§ 2254 habeas petition Hodson filed in federal district court on October 22, 2014.
On February 6, 2015, the district court dismissed Hodson's habeas petition for
lack of jurisdiction, concluding Hodson was not "in custody" on the conviction he
was attempting to challenge. *See McCormick v. Kline*, 572 F.3d 841, 847-48
(10th Cir. 2009) ("The first showing a § 2254 petitioner must make is that he is in
custody pursuant to the judgment of a State court. . . . Section 2254's in-custody

requirement is jurisdictional." (quotations and citations omitted)). This court dismissed Hodson's appeal from that ruling as untimely. *Hodson v. Colo. Mental Health Inst.*, No. 15-1101 (10th Cir. May 29, 2015). In the meantime, Hodson filed in the district court a "Motion for Relief From Judgment" pursuant to Fed. R. Civ. P. 60(b). The district court denied that motion, concluding Hodson had failed to come forward with any reason to doubt the previous jurisdictional ruling. Hodson seeks a COA so he can appeal the district court's denial of his Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding that when a district court denies a "true" 60(b) motion, this court "will require the movant to obtain a [COA] before proceeding with his . . . appeal").

This court denies Hodson's request for a COA because the district court's conclusion that Hodson was not in custody is not reasonably subject to debate. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the decision appealed from involves a procedural ruling, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (quotation omitted). Because Hodson has failed to cast any doubt whatsoever on the district court's "in custody" determination, he is not entitled to a COA.

For those reasons set out above, this appeal is hereby **dismissed**.

Furthermore, because Hodson has not advanced a "reasoned, nonfrivolous argument" on appeal, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), his request to proceed *in forma pauperis* is also **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge