FILED
United States Court of Appeals
Tenth Circuit

March 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRAVIS HODSON,

     Petitioner - Appellant,

v.

WELD COUNTY SHERIFF; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents - Appellees.

No. 15-1441
(D.C. No. 1:15-CV-01213-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Travis Hodson seeks a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2254 petition. We deny the COA and dismiss the appeal.

In 2011, Hodson was convicted in Colorado state court of possession of a

controlled substance and sentenced to probation (case "10CR771"). Several months

later, his probation was revoked and he was sentenced to prison. His sentence under

10CR771 was discharged on October 17, 2013. Hodson was soon after charged in

state court with criminal mischief, a charge unrelated to case 10CR771. After a

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

number of competency hearings, Hodson is currently being held as a pretrial detainee in the Weld County Jail.

Hodson has attempted to collaterally challenge his 10CR771 conviction several times—once while he was in custody pursuant to that conviction, and multiple times after his sentence was discharged. See Hodson v. Colo. Mental Health Inst. at Pueblo, 616 F. App'x 378 (10th Cir. 2015) (unpublished). The district court dismissed Hodson's current § 2254 petition because it raised only allegations identical to those he raised in a § 2254 petition the district court denied in 2014. See Hodson v. Colo. Mental Health Inst. at Pueblo, No. 14-cv-02879-LTB (D. Colo. Feb. 6, 2015). In both petitions—and again in his petition for a COA—Hodson sought to challenge his 10CR771 conviction.

As this court and the district court have repeatedly previously explained to Hodson, see Hodson, 616 F. App'x at 378, a litigant must be "in custody pursuant to" the challenged conviction to prevail on a § 2254 petition. § 2254(a); see also Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001). This requirement is jurisdictional. McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009). Because Hodson's 10CR771 sentence was discharged in 2013, he is no longer in custody pursuant to that conviction. We **DENY** a COA and **DISMISS** the appeal. See Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (noting a COA will issue only if reasonable jurists could debate the propriety of the district court's ruling).

Hodson also petitions this court for leave to proceed in forma pauperis ("IFP"). To qualify for IFP status, an appellant "must show a financial inability to pay the

required filing fees and the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Because Hodson's petition mirrors his several previous attempts to collaterally attack his 10CR771 conviction, and because we have repeatedly denied those attempts because he is not in custody pursuant to that conviction, we hold that his argument is frivolous and **DENY** leave to proceed IFP.

Entered for the Court


Carlos F. Lucero
Circuit Judge