FILED
United States Court of Appeals
Tenth Circuit

June 11, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

ERIC TYRONE BRADFORD,

    Petitioner - Appellant,

v.

CHRISTE QUICK,

    Respondent - Appellee.

No. 23-5075
(D.C. No. 4:22-CV-00458-JFH-SH)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Eric Tyrone Bradford, an Oklahoma prisoner proceeding pro se,[1] filed an

application in district court for a writ of habeas corpus under 28 U.S.C. § 2254. The

district court dismissed the application because he had not exhausted his state court

remedies, but it granted a certificate of appealability (COA) on one issue. Exercising

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

[1] Because Mr. Bradford represents himself, we liberally construe his combined
application for a COA and opening brief. *See Hall v. Scott*, 292 F.3d 1264, 1266
(10th Cir. 2002).

jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm on that issue and deny a COA

on the remaining issues.

## I.  BACKGROUND

### A.     State Proceedings

Mr. Bradford was convicted of first degree murder and two firearm offenses in

Oklahoma state court.  On direct appeal, he raised two evidentiary challenges.  The

Oklahoma Court of Criminal Appeals (OCCA) rejected both and affirmed.  Mr. Bradford

did not seek further review.

Through counsel, Mr. Bradford filed an application for postconviction relief in

state district court claiming that court lacked subject matter jurisdiction over his case

under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because the crime occurred in Indian

country and the victim was a member of the Muscogee (Creek) Nation.[2]  *See id.* at

2459-60 (holding that the territory in Oklahoma reserved for the Creek Nation since the

19th century remains "'Indian country'" for purposes of exclusive federal jurisdiction

over "certain enumerated offenses" committed "within 'the Indian country'" by an

"'Indian.'" (quoting 18 U.S.C. § 1153(a))).

In April 2021, the state district court granted the application for postconviction

relief.  But it stayed its order in light of a recent OCCA decision in another case involving

---

[2] Mr. Bradford initially filed a pro se postconviction application in which he also alleged his mother and grandparents were members of the Creek Nation.  He made no claim that his family were members of the Creek Nation in the amended application filed through counsel.

a *McGirt* issue.[3]  Soon thereafter, Mr. Bradford was charged in a federal case with crimes stemming from the same conduct that gave rise to his state-court convictions.  Then, in August 2021, the state district court lifted the stay and denied postconviction relief in light of *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), in which the OCCA held that *McGirt* does not apply retroactively to convictions that were final when *McGirt* was decided.  Mr. Bradford's federal prosecution was later dismissed.

Through counsel, Mr. Bradford appealed the denial of postconviction relief, claiming (1) *Matloff* was wrongly decided and the district court erred in concluding that *McGirt* does not apply retroactively; and (2) the district court abused its discretion in denying postconviction relief because under *McGirt*, the state court "did not, nor has it ever, had subject matter jurisdiction."  R., vol. 1 at 147, 157.  The OCCA affirmed.

### B.     Federal Habeas Proceedings

After the state-court postconviction proceedings concluded, Mr. Bradford filed his pro se § 2254 application.  He raised claims alleging ineffective assistance of trial and direct appeal counsel, prosecutorial misconduct, and "abuse of discretion" by the state district court.  R., vol. 2 at 11.  For the third claim, he alleged (1) the judge violated a state law and "overstep[ed] her jurisdictional boundaries" by referring him for federal prosecution, *id.*, vol. 1 at 18; (2) the court "lost jurisdiction and was unable to make any

---

[3] In the other case the OCCA had initially granted postconviction relief and invalidated on Indian-country jurisdiction grounds convictions that were final before *McGirt* was decided, but later recalled its mandate to give the case further consideration. *See Bosse v. State*, 499 P.3d 771, 774-75 (Okla. Crim. App. 2021) (describing procedural history and denying relief on Indian-country jurisdictional claim because *McGirt* does not apply retroactively).

subsequent ruling" after the federal case was filed, *id.*, vol. 2 at 24; (3) the court violated his Fourth Amendment rights by continuing to exercise jurisdiction after "federal authorities participated in kidnapping" him and detained him on the federal charges, *id.*; and (4) the April 2021 order was "the correctly applied mandate and any subsequent ruling was res judicata." *id.*, vol. 1 at 17.

The district court granted Respondent's motion to dismiss Mr. Bradford's § 2254 claims as unexhausted, noting his acknowledgment that he had not raised any of his § 2254 claims in state court, *see id.*, vol. 2 at 8-9, 10, 12.[4]  The district court initially denied a COA on all issues, but after Mr. Bradford filed a notice of appeal and motion for COA, the court granted a COA on the following issue:

> whether the Petition was erroneously dismissed as to claim three because [Mr.] Bradford raised a properly exhausted claim that the state district court violated his Fourteenth Amendment right to due process by reinstating his criminal judgment and sentence after issuing a final judgment in April 2021 granting his application for postconviction relief.

*Id.*, vol. 1 at 290-91.

## II.  DISCUSSION

### A.    Appeal Issue

We review de novo the dismissal of a habeas application for failure to exhaust state remedies.  *Allen v. Zavaras*, 568 F.3d 1197, 1200 (10th Cir. 2009).  Federal courts generally may not grant habeas relief to state prisoners unless all available state court

---

[4] Respondent also sought dismissal of the application as untimely, but the district court declined to resolve that issue given its dismissal of the application on exhaustion grounds.  Before this court, Respondent reiterates her time-bar arguments, but we also decline to address them.

remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement allows state courts "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). The "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal quotation marks omitted).

To satisfy the exhaustion requirement, a state prisoner must fairly present his claims to the state court before asserting them in federal court. *See Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009). "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Patton v. Mullin*, 425 F.3d 788, 809 n.7 (10th Cir. 2005) (internal quotation marks omitted). The exhaustion "rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, a claim is exhausted only if the prisoner presented "the state courts with the same claim he urges upon the federal courts." *Id.*

There is a "strong presumption in favor of requiring" exhaustion of state remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). However, the exhaustion requirement may be excused "if returning to state court to present any unexhausted claims would have been futile because either there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." *Fontenot v. Crow*, 4 F.4th 982, 1020 (10th Cir. 2021) (internal quotation

marks omitted); *see* 28 U.S.C. § 2254(b)(1)(B).  The petitioner has the burden of proving "either that state remedies were exhausted or that exhaustion would have been futile."  *Id.*

In his postconviction appeal, Mr. Bradford argued that the state district court erred in concluding that *McGirt* did not apply retroactively to convictions, like his, that became final before *McGirt* was decided—he did not argue that the court violated his constitutional rights or otherwise erred by denying postconviction relief after initially granting relief.  He thus did not present the OCCA "with the same claim he urges upon the federal courts."  *Picard*, 404 U.S. at 276.  Because the claim he raised in federal court is not the same as the claims he raised in the state court proceedings, it was unexhausted. *See id.*; *see also Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (upholding dismissal of petitioner's double-jeopardy challenge to his resentencing as unexhausted where his claim in state court was that the court abused its discretion in considering certain evidence at the resentencing hearing, a claim that did not "put the [state] courts on notice of the federal constitutional claim").

Mr. Bradford explained that he did not exhaust this claim because he did not discover its factual basis until August 2021, when he received discovery and the trial record from the attorney appointed to represent him in a federal criminal case.  To the extent this is a claim that his failure to exhaust was excused because exhaustion would have been futile, it fails.  As the district court noted, Oklahoma's postconviction procedures permit a state prisoner to seek postconviction relief if he claims there is "evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."  Okla. Stat. tit. 22, § 1080(4).  And

6

the fact that he had already filed an application for postconviction relief did not mean postconviction relief for this new claim was unavailable to him. *See id.* § 1086 (providing that postconviction claims not raised in an "original, supplemental or amended application" may be raised in a subsequent application if "the court finds a ground for relief asserted which for sufficient reason was not asserted . . . in the prior application").

We reject Mr. Bradford's argument that exhausting his claim in state court would have been futile because that court would likely deny it on the merits. Futility on the merits does not excuse the failure to exhaust a claim in state court. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) (addressing whether petitioner who had procedurally defaulted claim in state court could prove cause to excuse his default if his claim would have been futile on the merits in state court and concluding "he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim"). "The rationale for this [exhaustion] requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court," *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992), and despite his disagreement with the state court's handling of his case, Mr. Bradford was required to give the state court an opportunity to address his claim before raising it in federal court, *see id.* at 399.

Mr. Bradford's pro se status also does not excuse the exhaustion requirement. He is correct that the district court was required to construe his filings liberally and to hold them to "less stringent standards" than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the liberal construction rule does not relieve a pro se party of the duty to comply with the fundamental requirements of procedural rules and

7

substantive law—with respect to those requirements, pro se parties are held to the same standards as attorneys. *See McNeil v. United States*, 508 U.S. 106, 113 (1993*); see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).  Thus, pro se parties are not excused from satisfying the exhaustion requirement.  *See McNeil*, 508 U.S. at 113.

Finally, Mr. Bradford argues that because of the "se[]riousness of the legal violation," and the risk of "a grave miscarriage of justice," the district court should have deemed his unexhausted claims procedurally barred and addressed them on the merits. Aplt. Br. at 10.  As we understand it, his argument is that the district court should have applied "anticipatory procedural bar to functionally transform [his] unexhausted claims into exhausted ones," *Fontenot*, 4 F.4th at 1019, then consider his claim on the merits under an exception to the procedural bar.

Under the "procedural default" doctrine, a claim that an applicant presented in state court cannot be reviewed on the merits in a federal habeas action if it was precluded from review in the state court under an "independent and adequate state ground." *Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1 (1991).  "Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."[5]  *Fontenot*, 4 F.4th at 1019 (internal quotation marks omitted).  "If a federal

---

[5] We note that the anticipatory procedural bar has typically been applied in cases involving both exhausted and unexhausted claims to obviate the need to dismiss the

court . . . determines that the petitioner's unexhausted claims would now be procedurally barred in state court, there is a procedural default for purposes of federal habeas." *Id.* (internal quotation marks omitted). A federal court may consider procedurally defaulted claims if the petitioner overcomes the default by demonstrating either cause for the default and prejudice from a violation of federal law, or that denying review would result in "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

To establish that the district court should have reached his claims by applying anticipatory procedural bar here, Mr. Bradford must demonstrate that an Oklahoma court would consider his claims barred under Oklahoma's rule governing successive postconviction applications or some other state law and that he can overcome the resulting procedural default by demonstrating cause and prejudice or a fundamental miscarriage of justice. *See Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023) (internal quotation marks omitted), *cert. denied,* No. 23-7085, 2024 WL 2709383 (U.S. May 28, 2024). He has not done so. First, he has not shown the state court would consider his claims barred under Oklahoma's rule governing successive postconviction applications or some other state law. Indeed, the district court's conclusion that he failed to show that exhaustion would be futile was effectively a determination that the state court would not necessarily find the claims procedurally barred under Oklahoma law. *See Fontenot*, 4 F.4th at 1017 ("It is futile for a petitioner to return to state post-conviction when state courts fail to provide substantive review of constitutional claims, as occurs when a state

---

entire petition. *See Fontenot*, 4 F.4th at 1019. Here, all of Mr. Bradford's claims were unexhausted.

routinely imposes a procedural bar on those claims which are being exhausted." (brackets and internal quotation marks omitted)).  Nor has he shown that if the district court had applied anticipatory procedural bar, he could overcome the resulting procedural default—he did not even mention cause-and-prejudice, and although he made general assertions about a miscarriage of justice, *see* Aplt. Opening Br. at 11, 15-16; Reply Br. at 3, he has not made a credible showing that he is actually innocent, *see McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (holding, in the context of excusing AEDPA's time limitations, that the miscarriage of justice exception applies only in "cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner").

In sum, the district court correctly concluded that Mr. Bradford's constitutional challenge to the denial of postconviction relief was unexhausted, and we find no error in its dismissal of the claim on that basis.[6]

## B.    Remaining Issues

Mr. Bradford does not expressly seek a COA as to his remaining claims. However, he argues the merits of some of those claims, and reading his briefs liberally,

---

[6] We are not persuaded otherwise by Mr. Bradford's claim that the district court exhibited bias against him by dismissing his claims as unexhausted while granting relief to another habeas petitioner who challenged the state district court's order denying postconviction relief on a *McGirt* claim after initially granting relief and vacating her convictions.  In that case, however, the petitioner raised her federal constitutional claim in state court and the OCCA decided it on the merits. *See Graham v. White*, No. 23-5069, 2024 WL 2228601, at *2-4 (10th Cir. May 17, 2024).  That is not the case here.  In any event, we reversed the district court's grant of habeas relief in *Graham*. *See id*. at *1, 8.

we construe his argument as requesting a COA to appeal the district court's dismissal of those claims.

To obtain a COA Mr. Bradford must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which includes showing "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

To obtain a COA challenging the dismissal of his claims for failure to exhaust state court remedies, Mr. Bradford must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Bradford concedes that he did not raise his ineffective assistance of counsel, prosecutorial misconduct, and abuse of discretion claims in state court, and he has not shown that doing so would be futile. Reasonable jurists would not debate the correctness of the district court's dismissal of his claims as unexhausted.

## CONCLUSION

We affirm the district court's dismissal of the issue on which the district court granted a COA and we deny a COA as to the remaining issues.

Entered for the Court

Bobby R. Baldock
Circuit Judge

11